**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 109605

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JACQUELYN WALL and BRUCE WEILER,<br><br>Plaintiff,<br><br>vs.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

JACQUELYN WALL and BRUCE WEILER (hereinafter collectively referred to herein as "*Plaintiffs*"), by and through the undersigned counsel, complains, states and alleges against ENHANCED RECOVERY COMPANY, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiffs are individuals who are citizens of the State of New York.

6. Plaintiffs, "consumers" as defined by 15 U.S.C. § 1692a(3), are allegedly obligated to pay certain debt.

7. On information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiffs' alleged debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiffs are alleged to have fallen behind on payments allegedly owed on the alleged debts.

12. At a time known only to Defendant, Plaintiffs' alleged debts were assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debts, Defendant contacted Plaintiffs by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiffs are "communications" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communications violated the FDCPA.

### FIRST COUNT
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee as to Both Plaintiffs**

16. Plaintiffs repeat and reallege the forgoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

17. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

19. Defendant's letter directs consumers to Defendant's website to make payment.

20. Defendant's website sets forth that Defendant charges a "convenience fee" for payments made.

21. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

22. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

23. Defendant has violated 15 U.S.C. § 1692f by charging a convenience fee.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False Representation as to Unlawful Fee as to Both Plaintiffs

24. Plaintiffs repeat and reallege the forgoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

28. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

29. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

30. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

31. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts as to Plaintiff Weiler**

32. Plaintiff Weiler repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692g(a)(1) requires the initial collection letter to set forth the amount of the debt.

34. Defendant's letter sets forth, on the back, "the amount of the claimed debt is the amount stated in the letter on the reverse side of this notice."

35. There are two amounts "stated in the letter on the reverse side of this notice."

36. Defendant's letter sets forth a "balance" of $605.92.

37. Defendant's letter sets forth to get your account our of delinquency and put in good standing you must pay $266.00."

38. Defendant failed to explicitly state the amount of the debt.

39. Defendant failed to clearly state the amount of the debt.

40. The least sophisticated consumer would likely be confused as to the amount of the debt.

41. The least sophisticated consumer would likely be uncertain as to the amount of the debt.

42. The least sophisticated consumer would likely be uncertain as to whether the amount of the debt is $605.92 or $266.00.

43. Defendant has violated § 1692g as it failed to accurately set forth the amount of the debt as required by §1692g(a)(1).

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts as to Plaintiff Weiler**

44. Plaintiff Weiler repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer a written notice containing certain enumerated information.

46. The written notice must contain the amount of the debt.

47. The written notice must contain the name of the creditor to whom the debt is owed.

48. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

49. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

50. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

52. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

53. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

54. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

55. Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

56. Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

57. Defendant has demanded Plaintiff make payment during the validation period.

58. Defendant's letter is dated April 9, 2015.

59. Defendant's letter states that Plaintiff must make payment by May 4, 2015.

60. Defendant's letter states that Plaintiff must make payment by May 4, 2015 "to prevent this account from entering the next stage of delinquency."

61. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to dispute the debt.

62. Defendant has demanded Plaintiff make payment during the validation period without explaining that such demand does not override the Plaintiff's right to demand validation of the debt.

63. Defendant's demand for payment would likely make the least sophisticated consumer uncertain as to her rights.

64. Defendant's demand for payment would likely make the least sophisticated consumer confused as to her rights.

65. Defendant has violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

## JURY DEMAND

66. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 in favor of Plaintiff Wall against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 in favor of Plaintiff Weiler against Defendant pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: September 10, 2015

                                    **BARSHAY SANDERS, PLLC**

                                    By:  /s/ Craig B. Sanders_____
                                    BARSHAY SANDERS, PLLC
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiffs*
                                    Our File No.: 109605